**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| JILL L. MOORE, )<br>      Plaintiff, )<br> )<br>      v. )<br> )<br>ANDREW SAUL, Commissioner of the )<br>Social Security Administration, )<br>      Defendant. ) | CAUSE NO.: 4:19-CV-106-DRL-JEM |

**FINDINGS, REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Jill L. Moore on November 12, 2019, and Plaintiff's Brief [DE 13], filed March 31, 2020. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On May 26, 2020, the Commissioner filed a response, and on June 8, 2020, Plaintiff filed a reply.

On February 20, 2020, Judge Damon R. Leichty entered an Order [DE 10] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant Motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the decision of the Administrative Law Judge be reversed and the case remanded for further proceedings.

**I.   Background**

On May 9, 2016, and May 11, 2018, Plaintiff filed applications for benefits alleging that she became disabled on September 6, 2015. Plaintiff's application was denied initially and upon reconsideration. On June 29, 2018, Administrative Law Judge ("ALJ") Trina Moore held a hearing, at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On October

2, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since September 6, 2015, the alleged onset date.

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, residual effects from bunionectomy, arthritis, and residual effects from bilateral hand arthroplasty surgery.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except that she can occasionally climb ramps and stairs and never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can occasionally handle and finger bilaterally. She cannot operate foot controls bilaterally and requires a hand-held assistive device for walking and standing.

6. The claimant is unable to perform any past relevant work.

7. The claimant was a younger individual age 18-44 on the alleged disability onset date and subsequently changed age category to a younger individual age 45-49.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the

2

>     national economy that the claimant can perform.
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from September 6, 2015, through the date of the ALJ's decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v.*

3

*Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate their analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ did not properly analyze whether Plaintiff's impairments met a Listing and relied on VE testimony that departed from the Dictionary of Occupational Titles without providing sufficient explanation. The Commissioner argues that Plaintiff has failed to show that remand is warranted.

The determination of whether a claimant suffers from a listed impairment occurs at steps two and three of the ALJ's analysis. At step three, the ALJ must determine whether the claimant's impairments meet an impairment listed in the appendix to the social security regulations. *See* 20

4

C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). An individual suffering from an impairment that meets the description of a listing or its equivalent is conclusively presumed disabled. *See Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). The claimant "has the burden of showing that his impairments meet a listing, and he must show that his impairments satisfy all of the various criteria specified in the listing." *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006); *see also Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria."); *Filus v. Astrue*, 694 F.3d 863, 868 (7th Cir. Ind. 2012) (claimant "had the burden of establishing that he met all of the requirements of a listed impairment").

In this case, the ALJ addressed whether Plaintiff met Listing 1.04, disorders of the spine. The applicable section, according to Plaintiff, is 1.04A, which provides, in relevant part:

> *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). . .

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04A. Plaintiff argues that she meets the requirements of the Listing, but the ALJ failed to adequately analyze it.

The ALJ stated: "There is insufficient evidence of nerve root compression with the required listing characteristics such as [] spinal arachnoiditis, or lumbar stenosis with pseudoclaudication resulting in an inability to ambulate effectively as defined in Listing 1.04 (Disorders of the Spine) to meet this listing." Plaintiff points out that spinal arachnoiditis or lumbar stenosis with

5

pseudoclaudication resulting in an inability to ambulate ineffectively only pertains to Listings 1.04B and 1.04C. The ALJ failed to specifically identify which category of spinal disorder she was analyzing, and did not discuss any of the evidence in the record indicating that Plaintiff may meet the requirements of Listing 1.04A. Plaintiff argues that the record indicates that she meets each of the requirements, and points to numerous medical records that she asserts provide evidence that her spinal disorder meets the criteria of Listing 1.04A. However, as Plaintiff argues, the ALJ did not discuss any of that evidence in her Listing analysis, and, in fact, failed to even identify the relevant Listing or discuss its criteria. The Commissioner argues that Plaintiff has failed to satisfy her burden of showing that she meets all of the criteria for Listing 1.04A and that the ALJ discussed evidence throughout her opinion that makes it clear why Plaintiff did not meet or equal Listing 1.04A.

The Seventh Circuit Court of Appeals requires that an ALJ thoroughly evaluate whether a claimant meets the requirements of a Listing and avoid a "perfunctory analysis." *Ribaudo*, 458 F.3d at 584. In this case, the Court concludes that the ALJ's findings that Plaintiff did not meet Listing 1.04A based on a rote mention of some spinal disorder criteria in insufficient, particularly because the only requirements she mentioned were from different, inapplicable Listings, and she never mentioned, let alone analyzed, the 1.04A criteria. On remand, the ALJ must assess Plaintiff's impairments and all symptoms attendant to her disorders and analyze whether those symptoms satisfy a listing supported by a genuine review and application of the listing criteria, with sufficient analysis for the Court to review.

Plaintiff also argues that the ALJ relied on vocational testimony which departed from the Dictionary of Occupational Titles without explanation or support. Because the Court is recommending remand for the failure to analyze whether Plaintiff's disorders meet or equal the

6

Listing requirements at step three, it need not analyze Plaintiff's step five arguments. On remand, the ALJ is reminded that, if using a VE, she has an "affirmative responsibility" to ask whether a vocational expert's testimony conflicts with the DOT and to elicit a "reasonable explanation" for any conflict. SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000); *Overman v. Astrue*, 546 F.3d 456, 462-63 (7th Cir. 2008); *Prochaska*, 454 F.3d at 735. If the VE responds that a conflict exists or if a conflict is apparent, an ALJ may rely on the VE's testimony as substantial evidence to support a determination of non-disability only if she resolves the conflict in favor of the VE's testimony and explains why. SSR 00-4p, 2000 WL 1898704, at *4; *Overman*, 546 F.3d at 463.

The ALJ is reminded of her responsibility to create a logical bridge between the evidence and her conclusions to allow for meaningful review. *See Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusion.").

**IV.   Conclusion**

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **GRANT** the relief requested in Plaintiff's Brief [DE 13] and **REMAND** this matter for further proceedings consistent with this Report and Recommendation.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor*

7

*Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

  SO ORDERED this 16th day of December, 2020.

                s/ John E. Martin_____
                MAGISTRATE JUDGE JOHN E. MARTIN
                UNITED STATES DISTRICT COURT

cc:  All counsel of record
    Judge Damon R. Leichty